Opinion by
Mr. Justice Moore.*
• ■ Plaintiff in error will be referred to as Lucky Tiger and defendant in error will be mentioned by name.
Rahn brought the action against Lucky Tiger to recover damages allegedly sustained for breach of a contract entered into between him and Lucky Tiger involving the sale by him of his business which was conducted under the firm name of Lee Drug Sales Company. Lucky Tiger denied liability and counterclaimed for damages resulting from the failure of Rahn to deliver the exclusive right to the use of trade names which was the major inducement to execution of the contract by Lucky Tiger.
Over a period of thirty days about twenty conferences were held which resulted in the execution on June 23, 1960, of two written instruments by the parties. One is referred to as the “Purchase Agreement” and the other as the “Agreement Not To Compete.” A pertinent provision of the Purchase Agreement was. that:
“The following are all the trade marks and tirade names *238 used in connection with the business of the Lee Drug Sales Company:
Lee Drug Sales Company
Worthmore Drug Company
and the seller has the sole right to use said trade marks and trade name in the State of Colorado.”
It was further agreed that Rahn was,
“To convey by good and sufficient bill of sale, free and clear of all liens and encumbrances, except personal property taxes for the year 1960, payable in 1961, to purchaser, at the date of final settlement, all assets being purchased hereunder being set forth in paragraph 2.1 above.”
Section 2.1 of the Agreement set out the assets purchased including trade marks and trade names. Section 3.4 provided,
“from the date of execution of this agreement, seller will use his best efforts to retain for purchaser all of the customers of Lee Drug Sales Company.”
The agreement provided in Section 4.4 that the seller would defend and hold harmless the purchaser and the assets conveyed against any claim or assorted claims that may be made against purchaser or such assets by reason of any debt, claim, liability, tax or lien of any kind whatsoever. Final settlement date was established as July 20, 1960.
Part of the agreement was that Rahn would not engage in the drug business for a prescribed period of time and as consideration for this agreement Lucky Tiger was to pay Rahn the sum of $6,000, on the basis of $200 per month beginning August 1, 1960, and a like sum each month until January 1,1963. The Agreement Not To Compete makes reference to the agreement of sale and the purchase of Lee Drug Sales Company by Lucky Tiger, stating:
“In the event that the purchase contract is not completed, then it is understood and agreed that the agreement not *239 to compete shall be null and void and both parties are released from any obligation hereunder.”
Lucky Tiger paid Rahn a total of $2,600 under the Agreement Not To Compete from July, 1960, to August, 1961.
During the late summer of 1961, following more than one year of operation of the business by the purchaser, Lucky Tiger was advised that its use of the trade names “Lee” and “Worthmore” would subject it to infringement suits by others entitled to the exclusive use thereof. Investigation disclosed that Rahn was mistaken in his belief that he had exclusive rights to these trade names. Actually he could not legally transfer the exclusive right, or any right, to their use. Thus a large supply of “Lee” and “Worthmore” labels theretofore transferred to Lucky Tiger became worthless, along with the loss of the right to the use of the trade names. Thereupon, Lucky Tiger ceased making payments to Rahn under the Agreement Not To Compete. On October 19, 1962, Rahn brought this action to enforce payment under that agreement, and on November 7, 1962, Lucky Tiger filed its answer and counterclaim.
The issues of fact and law were tried to the court. Findings of fact and conclusions of law were entered by the trial court to the effect that Rahn had complied with the covenants of the Agreement Not To Compete; further, that Rahn represented in the Purchase Agreement of June 23, 1960, that he was the sole owner of all of the trade marks and trade names of Lee Drug Sales Company and Worthmore Drug Company and that he had the right to use such trade marks and trade names in the State of Colorado, which representations were not true. The court further found that the Agreement Not To Compete was not contingent upon full execution of the Purchase Agreement and that Rahn was entitled to the sum of $3,400 plus interest of $751.40, totalling $4,151.40. The court further found that Lucky Tiger was entitled to $700 on its counterclaim against Rahn.
*240 Judgment was entered accordingly. Rahn filed a motion for a new trial on the grounds that the court erred as a matter of law in allowing damages on Lucky Tiger’s counterclaim. Lucky Tiger moved for a new trial on the grounds that the Agreement Not To Compete was specifically conditioned upon the completion of the Purchase Agreement and Rahn’s breach precluded his recovery of damages from Lucky Tiger; and second, that the damages awarded to Lucky Tiger on its counterclaim were grossly inadequate. The motions for new trial by both parties were denied and Lucky Tiger obtained Writ of Error.
At this point we direct attention to the fact that Lucky Tiger has not asked for rescission of the Contract of Purchase on the ground of mutual mistake of the parties concerning the promise of Rahn to transfer the right to the use of the trade names. On the contrary, Lucky Tiger has elected to affirm the contract and to recover damages which it sustained by reason of the failure of Rahn to deliver all that he offered to sell.
QUESTIONS TO BE DETERMINED
First. Did the trial court err in awarding judgment in favor of Rahn for the unpaid payments of $200 per month which were not paid subsequent to August 1,1961?
This question is answered in the negative. Since the remedy sought by Lucky Tiger did not involve rescission of the contract, including a restoration of the parties to their original positions, Lucky Tiger is not entitled to a return of the amounts paid on the Agreement Not To Compete and cannot avoid responding to all the obligations assumed by it as consideration for the agreement which it has elected to affirm. Lucky Tiger argues, and we agree, that the two written contracts are so interrelated that they cannot be construed alone. The promise of Rahn not to compete was grounded upon the premise that Lucky Tiger would conduct business under the terms of the purchase contract. It has elected to continue that business and must pay the consideration promised for the Agreement Not To Compete.
*241 " Second. Did the trial court err in awarding to Lucky Tiger only $700 in damages on its counterclaim?
This question is answered in the affirmative. The Sole basis for the award of $700 damages to Lucky Tiger appears in the record before us. The court clearly indicated that the $700 awarded represented the original cost of printing the large supply of labels bearing the trade names “Lee” and “Worthmore” which were made valueless when the danger of infringement suits arose. The assumption was made that new labels could be secured by the expenditure of $700 by Lucky Tiger. The court erroneously failed to determine and fix the value of' the right to use of the trade names, acquisition of which was a major inducement to the contract. The trial court further erroneously failed to consider as an element of damages the expense to which Lucky Tiger was put when it was required to discontinue the use of the trade names, to acquire another at a cost of work and printing plates, and loss of business occasioned thereby. Evidence, some of it uncontradicted, was offered on these legitimate claims for damages. The award of damages to Lucky Tiger is manifestly inadequate and a reassessment thereof must be made from the evidence. In this connection we direct attention to United States National Bank of Denver v. Bartges, 120 Colo. 317, 210 P. 600, in which this court quoted with approval the following:
“Where the cause of the damage is established, that the amount or extent of damages is uncertain is no objection. ‘Uncertainty as to the amount of damages is not an obstacle in the way of their allowance. Uncertainty as to the cause from which they proceed is what has occasioned trouble, and only when it cannot be ascertained with reasonable certainty that these have sprung from the breach alleged are they to be rejected as too remote, or conjectural or speculative.’ Rule v. McGregor, 117 Iowa, 419, 90 N.W. 811; 17 C.J. 756.”
; The judgment in favor of Rahn in the amount of $4,151.40 is affirmed. The judgment awarding $700 to *242 Lucky Tiger is reversed and the cause remanded for reassessment of damages sustained by it, having due regard for the views hereinabove expressed. Any judgment entered in favor of Lucky Tiger should bear interest from the date of filing the counterclaim.
Mr. Chief Justice McWilliams, Mr. Justice Day and Mr. Justice Lee concur.

Re,tired Supreme Court Justice sitting under assignment by the Chief ■ Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.